Paul J. Yesawich, Jr., J.
The plaintiffs are two teachers, who claim to have been unlawfully discharged from their employment, and a teacher’s association which is the exclusive bargaining agent for these and other classroom teacher employees at the defendant school district.
Plaintiffs seek a judgment declaring that the individual plaintiffs ’ dismissal was illegal, a permanent injunction enjoining the defendants from terminating the individual plaintiffs as teachers and from allegedly intimidating or coercing plaintiffs in the lawful discharge of their duties. Other related relief is also sought. Following oral argument plaintiffs’ application for a preliminary injunction seeking substantially the same relief was denied by this court primarily on the authority of Matter of Stewart v. Parker (41 A D 2d 785) and Cohen v. Department of Social Servs. of State of N. Y. (37 A D 2d 626, affd. 30 N Y 2d 571). In those cases although it was observed that the loss of one’s employment is a serious matter and most likely to cause severe hardship, since the plaintiffs would be entitled to rein *1029 statement and back pay if they ultimately prevailed, their loss of employment did not constitute irreparable damage.
From oral argument and the briefs it is apparent that the parties seek a summary disposition of the propriety of the individual plaintiffs’ discharge.
The individual plaintiffs have been teachers in the employ of the defendants for over 10 years, and have been tenured for over 7 years. They allege, and it is not disputed, that they were discharged without reasons being given, without any charges hav- ' ing been made against them, and without a hearing of any kind.
Defendants claim that the individual plaintiffs were not entitled to the protection accorded tenured teachers under subdivision 2 of section 2509 and section 3020-a of the Education Law, which does not permit removal except for cause after a hearing, because these teachers had been returned to probationary status for allegedly violating the Taylor Law which prohibits public employees from engaging in strikes.* Referring to section 210 (subd. 2, par. [f] ) of the Civil Service Law which provides as follows: “ any public employee who has been determined to have violated this subdivision [prohibition of* strikes] shall be on probation for a term of one year following such determination during which period he shall serve without tenure; provided, however, that the effect of probation hereunder with regard to teachers and others subject to the education law shall not exceed ór differ from the effect of probation hereunder with regard to other public employees ”, defendants argue that these teachers had probationary status, and therefore defendants had a right to discharge them pursuant to section 3019-a of .the Education Law which permits school authorities to terminate a probationary teacher’s services during the probationary period by merely giv- . ing 30 days’ notice of termination, a condition which was met by these defendants.
Defendants also contend that, under the terms of the existing bargaining agreement entered into between the defendant school district and the plaintiff association as agents for these teachers, there is a complete grievance procedure terminating *1030 in binding arbitration which must first be pursued. In this respect it is sufficient merely to note that while, under paragraph 31 of the contract, all the provisions of the agreement are made subject to the grievance procedure set forth therein, paragraph 3.14 of that procedure specifically provides that the existence of the grievance procedure shall not be deemed to require any “ teacher to pursue the remedies here provided and shall not, in any manner, impair or limit the right of any teacher to pursue any other remedies available in any other form.” The presumption of arbitrability of the dispute being thus dearly rebutted, Matter of Long Is. Lbr. Co. (Martin) (15 N Y 2d 380) this matter is distinguishable from Board of Educ. of Chautauqua Cent. School Dist. v. Chautauqua Cent. School Teachers Assn. (41 A D 2d 47).
Plaintiffs, on the other hand, contend and the court agrees, that tenured teachers who become Taylor Law probationers must be equated with probationers under the Civil Service Law whose probationary term is for a period of one year and whose discharge or removal cannot be accomplished except in accordance with rule 4.5 of the Rules for the Classified Service (4 NYCRR 4.5).
The position espoused by the defendants requires adoption of the principle that tenured teachers who become Taylor Law probationers are to be treated differently from other public employees. This principle, however, contravenes the express admonition contained in section 210 (subd. 2, par. [f]) that the effect of Taylor Law probation on teachers who are subject to the Education Law shall not “ exceed or differ ” from the effect which Taylor Law probation has on other public employees. Dismissal of employees with probationary status under the Civil Service Law can only be accomplished if the conduct or performance of the probationer is shown in good faith not to be satisfactory (Matter of Rosenberg v. Wickham, 36 A D 2d 881; Matter of Safran v. Wallace, 41 A D 2d 793), and it has been stated that those who hold a position by permanent appointment but who have been reduced to Taylor Law probationary status are not. dischargeable during that probationary term by whim. (See Kiernan v. Lindsay, 334 F. Supp. 588, 593.) Something more than merely a timely notice of dismissal is required. The principle which governs the discharge of probationary employees under the Civil Service Law is the standard to be employed in effecting the discharge of tenured teachers who have been lawfully reduced to Taylor Law probationary status. .
*1031 Accordingly the relief prayed for "by plaintiffs can be granted in part.
An order may be submitted declaring that the demotion of the individual plaintiffs to probationary status and the termination of their employment was illegal, and annulling those determinations. The individual plaintiffs are to be restored to full salary and benefits. This determination is without prejudice to defendants’ right to pursue appropriate legal measures to effect a lawful discharge of the individual plaintiffs if defendants are so advised.
In view of the strong affidavits submitted by defendants urging that the students not be further disturbed by another change in teachers as Regents examinations approach, the court must deny the request to enjoin the defendants from interfering with the individual plaintiffs’ resumption of classroom work.

It is not urged that defendants failed to comply with the carefully prescribed steps (Civil Service Law, § 210, subd. 2, pars, [e], [h]) which defendants were required to follow before the. individual plaintiffs could be reduced from tenured status to Taylor Law probationers. The only allusion to this aspect of the Taylor Law is contained in plaintiffs’ brief wherein it is conceded that members of the teaching staff who had been determined by the Superintendent of Schools to have participated in the work stoppage were given notice of a ruling that they were in violation of section 210 of the Civil Service Law and subject to the penalties for such actions as prescribed in paragraphs (f) and (g) of subdivision 2 thereof.